UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RAVON ROMANCE,

        Plaintiff,

  -against-

WILLIAM ROYS,
DAVID BUCHANAN,
WILLIAM ELBERTH and
RONALD MILLER,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

<u>Plaintiff Demands
Trial By Jury</u>

Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of Defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was a prisoner at Sullivan Correctional Facility (Sullivan), located in Fallsburg, New York, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Defendant William Roys (Roys) was employed by DOCCS as a correction officer at Sullivan.

4. That at all times herein mentioned, Roys was acting within the course and scope of his employment as a correction officer at Sullivan.

5. That at all times herein mentioned, Roys was acting under color of state law.

6. That at all times herein mentioned, Defendant David Buchanan (Buchanan) was employed by DOCCS as a correction officer at Sullivan.

7. That at all times herein mentioned, Buchanan was acting within the course and scope of his employment as a correction officer at Sullivan.

8. That at all times herein mentioned, Buchanan was acting under color of state law.

9. That at all times herein mentioned, Defendant William Elberth (Elbeth) was employed by DOCCS as a correction officer at Sullivan.

10. That at all times herein mentioned, Elberth was acting within the course and scope of his employment as a correction officer at Sullivan.

11. That at all times herein mentioned, Elberth was acting under color of state law.

12. That at all times herein mentioned, Defendant Ronald Miller (Miller) was employed by DOCCS as a sergeant at Sullivan.

13. That at all times herein mentioned, Miller was acting within the course and scope of his employment as a sergeant at Sullivan.

14. That at all times herein mentioned, Miller was acting under color of state law.

15. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, specifically rights guaranteed under the Eighth Amendment to the United States Constitution.

16. That venue is proper in this court since the events alleged herein occurred in the Southern District of New York.

## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

17. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

18. That on February 4, 2021, Roys, Buchanan, and Elberth, acting collectively and in concert with one another, physically assaulted and battered Plaintiff inside his cell at Sullivan.

19. That the assault and battery included, but was not limited to, throwing Plaintiff to the ground, and then punching, kicking, and stomping Plaintiff multiple times in the head and body.

20. That the actions of Roys, Buchanan, and Elberth were sadistic and malicious and without justification, and were not undertaken in a good faith effort to maintain or restore discipline, and were not undertaken for any legitimate penological purpose.

21. That Miller was present in the immediate vicinity of the assault and battery, observed the actions of Roys, Buchanan, and Elbert, and had reasonable opportunities to intervene to prevent and/or stop the assault and battery.

22. That Miller intentionally and deliberately failed and refused to intervene to prevent and/or stop the assault and battery.

23. That Miller's failure and refusal to intervene was sadistic and malicious and without justification, and was not in furtherance of a good faith effort to maintain or restore discipline, and was not in furtherance of any legitimate penological purpose.

24. That as a result of the foregoing, Plaintiff sustained severe physical and psychological injuries, including but not limited to fractured ribs, vertebrae, and facial bones, endured and continues to endure conscious pain and suffering and loss of enjoyment of life, and has been otherwise damaged.

**FIRST CAUSE OF ACTION AGAINST ROYS, BUCHANAN and ELBERTH**
**(42 USC § 1983: Eighth Amendment: Excessive Force)**

25. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

26. That the aforementioned assault and battery by Roys, Buchanan, and Elbert against Plaintiff constituted excessive force in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

27. That as a result thereof, Plaintiff is entitled to recover damages from these Defendants pursuant to 42 USC § 1983.

**SECOND CAUSE OF ACTION AGAINST MILLER**
**(42 USC § 1983: Eighth Amendment: Failure to Intervene)**

28. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

29. That Miller's deliberate and intentional failure to intervene to prevent the unconstitutional actions of Roys, Buchanan, and Elberth was in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for compensatory damages and punitive damages, in an amount to be determined by the jury, and Plaintiff also seeks attorney's fees against Defendants, and each of them, pursuant to 42 USC § 1988, and interest, costs, and disbursements of this action.

Dated:  New York, New York
        February 2, 2024

>Yours, etc.
>Sivin, Miller & Roche, LLP
>
>By *Edward Sivin*
>      Edward Sivin
>Attorneys for plaintiff
>20 Vesey St., Suite 1400
>New York, NY  10007
>(212) 349-0300
>Email:  esivin@sivinandmiller.com